# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JEFF MUSGROVE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 05 C 1382 |
| ) | |
| ROD R. BLAGOJEVICH, ) | Judge Rebecca R. Pallmeyer |
| ROGER E. WALKER, JR., ) | |
| DWAYNE A CLARK, ) | |
| DIANN K. MARSALEK, ) | |
| JOHN DOE, JANE DOE, ) | |
| ) | |
| Defendants. ) | |



## ORDER

Plaintiff, Jeff Musgrove, currently an inmate at Menard Correctional Center, seeks leave to file this *pro se* civil rights complaint *in forma pauperis*. Under the Prison Litigation Reform Act of 1995 (PLRA), a prisoner may not bring a civil action or appeal a civil judgment under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

At least three of Musgrove's previous actions have been dismissed in this district on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. *See, e.g., Musgrove v. Burgess*, No. 99 C 3573 (N.D. Ill.) (order of June 21, 1999, Coar, J.). Accordingly, Musgrove may not proceed in this case without full prepayment of the $250 filing fee unless he is in imminent danger of serious physical injury. As the Seventh Circuit has explained, to meet that requirement, Musgrove must show that the risk of harm he faces is "real and proximate."

*Lewis v. Sullivan*, 279 F.3d 526, 529 (7th Cir. 2002). "Allegations of past harm do not suffice; the harm must be imminent or occurring at the time the complaint is filed." *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003), quoting *Heimermann v. Litscher*, 337 F.3d 781 (7th Cir. 2003). In his four-count complaint, Musgrove asserts that he can make such a showing, but in this court's view, his allegations are insufficient. For the reasons explained below, the court concludes Musgrove's complaint does not satisfy the test imposed by § 1915(g).

## DISCUSSION

In Count I, Plaintiff alleges that Defendant prison official conspired to deprive him of his rights in retaliation for his previous grievances. Without identifying any specifics, Musgrove claims Defendants subjected him to "unsafe living conditions," "[a]pproved, concurred in or turned a blind eye to retaliation against" him, and created a "system-wide Reprisatory Nexus" to punish him for his previous litigation against employees of the Illinois Department of Corrections. (Complaint, ¶ 13.) These allegations are far too vague and conclusory to satisfy the court that Musgrove faces any imminent danger of physical injury. Musgrove does allege that Defendants have ordered that he be "transported in unsafe and life-threatening transportation vehicle," but does not explain whether this has already occurred or when he expects it will occur.

In Count II, Musgrove alleges that Defendants are deliberately indifferent to his serious medical needs. He claims that he is asthmatic and suffers from claustrophobia and that Defendants have prohibited medical staff from treating him for his claustrophobia panic/anxiety disorder. There is no indication that Musgrove's asthma is life-threatening or that his claustrophobia presents any serious risk of physical injury. Musgrove does not identify any specific asthma treatment that he has requested or required, nor has he identified any prison medical care providers as Defendants. As did

2

the court in another recent case, this court concludes that Musgrove's general allegations concerning medical care and claustrophobia do not establish that he is under any imminent danger of serious physical injury. See *Musgrove v. Vallabhaneni*, No. 04 -022-GPM (S.D. Ill. Mar. 25, 2005).

The major substantive focus of Musgrove's concerns is set forth in Count III, where he alleges that Defendants force him to be transported in a hazardous transport vehicle. Musgrove describes the vehicle as a "modified van with a homemade K-9 cage, made of preforated (sic) steel" without any "safety features such as proper seat-belting or airbags." (Complaint ¶ 30.) He asserts, as a result, that "[i]n the event this vehicle slams, rolls or plung (sic) into water," passengers could be injured. (*Id.* ¶ 31.) A photograph of the "security capsule" in the van is attached as Exhibit A to Plaintiff's complaint; that photograph shows a metal enclosure containing an upholstered seat, but no seat belts. A second photograph shows a man, apparently in the vehicle's driver's seat. The passenger seat to his right is equipped with a seatbelt.[1]

So far as this court is aware, the Seventh Circuit has not addressed the question of whether transporting prisoners without seatbelts violates the Eighth Amendment. In *Brown v. Missouri Dept. of Corrections*, 353 F.3d 1038, 1040 (8th Cir. 2004) the Eighth Circuit held that a prisoner who was unable to fasten his own seatbelt and was injured in an accident stated a claim for relief against five correctional officers who had refused his requests for assistance with the seatbelt. *See also Brown v.*

---

[1] The court is uncertain whether this vehicle is the same one about which Musgrove complained during pretrial proceedings in an earlier case, *Musgrove v. DeTella*, No. 97 C 8841. In that case, Plaintiff refused to come to court in a security van that had recently been acquired by IDOC, claiming that his anxiety disorder was exacerbated by travel in the van. IDOC sought a ruling requiring Plaintiff to cooperate, but the matter was rendered moot when a collision took the van out of service. *See Musgrove v. Detella*, No. 97 C 8841, Docket No. 143 (N. D. Ill. Apr. 17, 2001), slip op. at 11.

3

*Morgan*, 39 F.3d 1184 (Table, Text in WESTLAW), 1994 WL 610993, at \* 1 (8th Cir. Nov. 7, 1994) (sheriff's refusal to let prisoner wear seatbelt, driving at high rate of speed in bad weather, and smiling when he saw that prisoner was frightened was sufficient to support conclusion that sheriff manifested deliberate indifference for prisoner's safety). Earlier, the Eighth Circuit affirmed summary judgment in favor of a municipality in a case where a pretrial detainee was severely injured in an accident while in police custody. The court concluded that the municipality's "decision to use patrol wagons without seatbelts" was lawful, since it was based on the legitimate penological concern that detained individuals might use a seatbelt as a weapon. *Spencer v. Knapheide Truck Equip. Co.*, 183 F.3d 902, 907 (8th Cir. 1999).

In *Dexter v. Ford Motor Co.*, 92 Fed.Appx. 637, \*642, 2004 WL 254753, \*4 n.8 (10th Cir. 2004), the Tenth Circuit dismissed a similar claim; the court observed that not being confined by a seatbelt "significantly increased" the "risk of serious injury from an automobile accident" but nevertheless declined to conclude that "failure to seatbelt an inmate, standing alone, violates the Eighth Amendment." *See also Carrasquillo v. City of New York*, 324 F. Supp. 2d 428, 437 (S.D.N.Y. 2004) ("failure to provide seatbelts to prisoners is not a constitutional violation."); *MacCaffray v. United States*, No. 2: 97-cv-403, 1998 WL 560047, \*5 (D. Vt. Aug. 27, 1998) (dismissing a *Bivens* complaint against federal officers on qualified immunity grounds as "there is no clearly established constitutional or federal statutory right for inmates to a safety belt during transport"); *cf. Pendleton v. Schroeder*, No. C 980791 FMS, 1998 WL 273000, \*1-2 (N.D. Ca. May 22, 1998) (complaint alleged an Eighth Amendment violation based on the combined factors of failure to seatbelt and a prison practice of transporting prisoners in vans arranged convoy-style between other law enforcement vehicles, increasing the risk of an accident).

This court is not called upon to decide whether IDOC's use of the vehicle at issue here violates the Eighth Amendment. Instead, the court must determine whether Musgrove's concerns are sufficient to establish that he faces an imminent danger of serious physical injury as a result of that use. The court concludes they are not. As explained earlier, the imminent danger must be "real and proximate," Lewis, 279 F.3d at 529, not merely speculative. At this stage of the proceedings, Defendants have had no opportunity to explain their decision to use the vehicle at issue, and may well have a penological justification for that decision. In any event, the court notes that it is possible for any vehicle on the public roadways to be involved in an accident. The fact that, as Musgrove observes, there was one accident involving the "security capsule" vehicle in February 2001 does not support the conclusion that any prisoner transported in such a vehicle faces a danger that is "real and proximate." More importantly, although he alleges that he has been transported in the vehicle in the past, Musgrove does not suggest that IDOC has specific plans to transport Musgrove in the vehicle for any particular purpose at any particular time in the future. Absent such a suggestion, the court can not conclude that the mere availability of a vehicle Musgrove believes is hazardous creates an imminent danger.

Finally, in Count IV of the complaint, Musgrove alleges that as a result of seeking redress of grievances he has been subjected to harassment; denial of family contact; confiscation of personal property; false disciplinary reports and sanctions; confiscation of mail; continuous confinement in segregation; denial of medical care, out-of-cell exercise, religious practice and diet; and unsafe living conditions. These wholly conclusory allegations are insufficient to establish any imminent danger of serious physical injury. Indeed, most of the circumstances allegedly imposed on Musgrove generate no physical risks at all. Denial of medical care or exposure to "unsafe living conditions" might

5

generate such a risk, but Musgrove's failure to provide any specifics concerning those matters defeats his effort to meet the test imposed by 28 U.S.C. § 1915(g).

## CONCLUSION

Musgrove's motion for leave to file *in forma pauperis* (Doc. No. 3) pursuant to 28 U.S.C. § 1915(g) is denied because he has not made a showing that he is in imminent danger of serious physical injury. If Musgrove does not pay the $250 filing fee within 15 days, the court will enter judgment dismissing this case in its entirety. *See* N.D. Ill. Local Rule 3.3(e). Musgrove's motion for temporary restraining order/preliminary injunction (Doc. No. 4-1, -2) is denied without prejudice.

ENTER:

Dated: May 12, 2005

REBECCA R. PALLMEYER
United States District Judge